# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PROVOST UMPHREY LAW FIRM, LLP** | : | **DOCKET NO. 06-0458** |
| **VS.** | : | **JUDGE MINALDI** |
| **JIMMY R. FAIRCLOTH, JR., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand [doc. # 6].[1]

### Background

On December 12, 2005, Provost Umphrey Law Firm LLP filed the above-captioned suit against Jimmy R. Faircloth, Jr. and Faircloth, Vilar, and Elliott, LLC (collectively "Faircloth") in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana. The petition alleges that on or about October 12, 2004, Provost Umphrey contracted with the Coushatta Tribe of Louisiana ("the Tribe") to bring an action for more than $ 32 million in economic losses suffered by the Tribe due to the tortious malfeasance of Jack Abramoff and others. (Petition, ¶ 5). Provost Umphrey contends that Jimmy Faircloth subsequently contacted the Tribe and solicited their business, thus causing Provost Umphrey's discharge. (Petition, ¶ 6). In their stead, the Tribe retained Jimmy Faircloth and the Faircloth Law Firm. *Id*.

Provost Umphrey contends that Jimmy Faircloth intentionally interfered with Provost Umphrey's contractual attorney-client relationship with the Tribe, and that such acts were

---

[1] This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

unethical, unscrupulous, unfair, and offensive to established public policy. (Petition, ¶¶ 3, 9). Provost Umphrey further alleges that the Faircloth Law Firm is responsible for the actions of Jimmy Faircloth. (Petition, ¶ 4). Plaintiff seeks resulting damages.

On March 21, 2006, defendants removed the case to federal court on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331 & 1332. (Notice of Removal, ¶¶ 2-3). On April 13, 2006, plaintiff filed the instant motion to remand. Plaintiff argues that federal question jurisdiction is lacking, and that removal on the basis of diversity is procedurally barred because defendants are citizens of the forum state. 28 U.S.C. § 1441(b). Plaintiff also seeks an award of costs and attorney's fees for the improvident removal. The matter is now before the court.

## Discussion

It is apparent that the instant parties are diverse and that the amount in controversy exceeds $ 75,000. Thus, the case presents federal subject matter jurisdiction via diversity. 28 U.S.C. § 1332. However, in cases removed on the basis of diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b). Here, neither side contests that defendants are Louisiana citizens. (*See e.g.*, Notice of Removal, ¶ 3). As plaintiff timely raised this procedural defect within 30 days of removal, removal on the basis of diversity jurisdiction is barred. 28 U.S.C. § 1447(c). Instead, removal must be premised on federal question jurisdiction. 28 U.S.C. § 1331.

"The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). An "independent corollary" to the well-

pleaded complaint rule is the "artful pleading" doctrine. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)(*citing Rivet, supra*). This principle provides that a " plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet, supra* (citation omitted). The artful pleading doctrine permits removal in cases where federal law completely preempts the plaintiff's state law claim. *Id*. Here, there are no allegations that plaintiff's claim is completely preempted by federal law.

Nevertheless, a cause of action that is created by state law may still "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). The Fifth Circuit, formulated the following criteria for determining when a state law cause of action creates federal question jurisdiction: 1) the federal right must be an essential element of the state claim; 2) interpretation of the federal right must be necessary to resolve the case; and 3) the question of federal law must be substantial. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001)(citations omitted). In 2005, the Supreme Court restated the question thusly: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering*, ____U.S. ____, 125 S.Ct. 2363, 2368 (2005).

Defendants agree that plaintiff's suit alleges a state law claim for tortious interference with contract against defendants. (Opp. Memo., pgs. 1-2, 5). However, defendants argue that the Tribe is a necessary party to the suit, and that "to determine whether defendants interfered with

3

the Tribe's contract it is absolutely necessary to determine the Tribe's rights and ability to contract and to examine the validity of the Tribe's actions." (Opp. Memo., pgs. 1-2). Defendants further contend that "[i]f there was no breach or no offense at all by the Tribe with regard to the contract then there can be no recovery for plaintiff." *Id*. at pg. 4.

However, there is no indication that the instant parties dispute the ability of the Tribe to contract. Indeed, Provost Umphrey alleges that it entered into a contract to provide legal representation to the Tribe. (Petition, ¶ 5). Defendants do not directly deny this allegation. (Answer, ¶ 5).[2] Under Louisiana law, a client has a right to discharge his attorney (and terminate the contract) at any time, with or without cause, subject to liability for payment for the attorney's services. *Chaffin v. Chambers*, 577 So.2d 1125, 1128 (La. App. 1st Cir. 1991)(citations omitted), *reversed on other grounds*, 584 So.2d 665 (La. 1991). Moreover in other cases, former counsel have brought tort actions for interference with their attorney-client contracts without joining their clients as defendants. *See*, *Chaffin, supra*; *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 44 (5th Cir. 1992).[3]

As we appreciate plaintiff's allegations, Provost Umphrey does not challenge the Tribe's ability to terminate their attorney-client agreement; – indeed, that right is afforded a client under Louisiana law. *Chaffin, supra*. Instead, plaintiff contends that defendants improperly induced

---

[2] Defendants denied plaintiff's allegation only because they lacked sufficient information to justify a belief therein. *Id*. In their Answer, defendants further alleged that Provost Umprhey was discharged for cause, thus impliedly recognizing the existence of an employment contract with the Tribe. *Id*. at ¶ 1.

[3] The Fifth Circuit recognized that the Louisiana Supreme Court's reversal in *Chaffin* essentially established that under some circumstances a tort action may lie for interference with an attorney-client contract. *Id*.

4

the Tribe to terminate its agreement with plaintiff. Relevant to this determination is the Tribe's motivation for its actions, and whether it was influenced by the alleged actions of defendants. However, the Tribe's state of mind does not raise a federal issue, much less a substantial one.

Defendants cite several cases and federal statutes that are purportedly at issue here. (*See*, Opp. Memo. pgs. 5-6). However, defendants do not explain, and we cannot readily discern, the statutes' relevance to the instant dispute. In sum, defendants have not established that plaintiff's state law claim necessarily raises a stated, actually disputed, and substantial federal issue. *Grable, supra*.

Defendants alternatively urge us to transfer the case to the tribal court. Yet, defendants cite no authority for this proposition.

To the extent that defendants argue that the Tribe is an indispensable party, we note that *Chaffin* and *Dodson*, do not support this argument. In any event, this issue can be raised before the state court upon remand. If defendants prevail, then the suit will be dismissed. *See, Bonnette v. Tunica-Biloxi Indians*, 873 So.2d 1 (La. App. 3dCir. 2003).[4]

Finally, defendants contend that they may not be able to conduct discovery against the Tribe in state court, and thus equity compels that the matter remain in federal court. (Opp. Memo. pgs. 7-8). Yet, we find no support for the argument that equity can confer federal question jurisdiction.[5]

---

[4] In a related argument, defendants fault Provost Umphrey for not including its potential claims against the Tribe in this suit. (Opp. Memo., pg. 7). This argument assumes that plaintiff has a valid claim against the Tribe. *See* discussion, *supra*. In any event, if plaintiff wishes to forego any potential claims against the Tribe that's their prerogative.

[5] Moreover, if, as it seems, defendants currently represent the Tribe, then perhaps they could prevail upon their client to provide any necessary discovery.

We emphasize that federal courts are courts of limited jurisdiction. *Howery, supra* (citations omitted). We must presume that a suit lies outside of our limited jurisdiction until the party invoking federal jurisdiction establishes otherwise. *Id*. Here, removing defendants have not met their burden. Accordingly, we lack removal jurisdiction and remand is required. 28 U.S.C. § 1447(c).

Plaintiff further seeks the award of costs and fees due to the alleged "frivolous" removal. Presumably plaintiff seeks costs and fees pursuant to 28 U.S.C. § 1447. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* ___ U.S. ___, 126 S.Ct. 704 (2005)

Here, although we discern little substance behind defendants' invocation of federal question jurisdiction, there is no dispute that the parties were diverse. Moreover, the non-removability of diversity cases containing a forum-domiciled defendant is a procedural defect in the removal process. As such, it was waivable if not raised by the plaintiff within 30 days of removal. *Gilbreath v. Guadalupe Hosp. Foundation, Inc.*, 5 F.3d 785, 789 n.4 (5th Cir. 1993). Pending before the court are other cases where plaintiffs have failed (either by design or ignorance) to timely raise this defect, and thus we cannot conclude that defendants lacked "objectively reasonable" grounds to remove the case.

Recently, the Fifth Circuit has recognized that a component of "costs" under § 1447(c)

are the costs assessable under Fed.R.Civ.P. 54(d)(1)). *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). Rule 54(d)(1) costs are not subject to the objective reasonableness test. *Id*. Rather, they "shall be allowed as of course to the prevailing party . . ." Fed.R.Civ.P. 54(d)(1). Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985). Removing defendants have not overcome this presumption.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 6] be GRANTED.

IT IS FURTHER RECOMMENDED that Fed.R.Civ.P. 54(d)(1) costs be assessed against the removing defendant. 28 U.S.C. § 1447(c).[6]

IT IS FURTHER RECOMMENDED that movant's requests for costs and fees be otherwise DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED**

---

[6] The costs are limited to those incurred in federal court that would not have been incurred had the case remained in state court. *Avitts v. Amoco Production Co.* 111 F.3d 30, 32 (5th Cir. 1997). The costs are as specified in 28 U.S.C. § 1920. The amount of costs shall be determined by the Clerk of Court in the first instance. *See*, LR 54.3. An interactive version of AO Form 133 "Bill of Costs" can be found on the court's website: http://www.lawd.uscourts.gov/.

**PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of May, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE